UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CIVIL ACTION NO. 12-0865** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **BEATO REYNOSO** | * | **MAG. JUDGE KAREN L. HAYES** |

<u>MEMORANDUM ORDER</u>

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion for leave to amend pursuant to Fed. R. Civ. P. 15(a)(2) the motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 [doc. # 46] filed by Petitioner Beato Reynoso. The motion is opposed [doc. # 47] by Respondent on the substantive merits of Petitioner's additional grounds for *habeas* review. For reasons assigned below, the motion is **GRANTED**.[1]

BACKGROUND

In Petitioner's motion for leave to amend, Petitioner sets out five additional grounds for *habeas* review. *See* [doc. # 46, P 1-5]. He asserts that these grounds were not raised in his original § 2255 motion in the above captioned matter because: (1) "he did not realize the motion would be construed at [*sic*] a § 2255 motion and transferred to this district[;]" (2) he filed a motion to vacate with the aforementioned additional claims with the Clerk of Court for the

---

[1] As this motion is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

Western District of Louisiana on April 4, 2012; and, (3) Petitioner "will likely only have one chance at § 2255 review." [doc. # 46, P 1-2]. In response, Respondent attacks Petitioner's five additional grounds on their substantive merits instead of under Rule 15(a)(2) jurisprudence. The matter is now before the Court.

## LAW AND ANALYSIS

Leave to amend shall be "freely [granted] when justice so requires." Fed. R. Civ. P. 15(a)(2). "'Whether leave to amend should be granted is entrusted to the sound discretion of the district court . . . [.]'" *Quintanilla v. Texas Television, Inc.*, 139 F.3d 494, 499 (5th Cir.1998) (internal citation omitted). Yet, "[i]n the context of motions to amend pleadings, 'discretion' may be misleading, because Fed. R. Civ. P. 15(a) 'evinces a bias in favor of granting leave to amend.'" *Martin's Herend Imports v. Diamond & Gem Trading United States of America Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. Nov. 1981)). A district court must have a "substantial reason" to deny a request for leave to amend. *Lyn-Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (citation omitted).

In deciding whether to grant a party leave to amend, the courts consider the following factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and, (5) futility of the amendment. *Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Absent any of these factors, leave should be granted. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing, *Foman*, 371 U.S. at 182).

The Respondent fails to challenge Petitioner's motion for leave to amend on any of the aforementioned *Rosenzweig* factors. Furthermore, taking the factors in turn Petitioner: is not unduly delaying the proceeding, not engaging in bad faith, has not repeatedly failed to cure deficiencies in previous amendments, and is not unduly prejudicing Respondent. Although Respondent's attack on the substantive merits of Petitioner's five additional grounds could be interpreted as an argument under factor five (futility of the amendments), Respondent does not make this argument. Furthermore, the Fifth Circuit has stated that in the context of Rule 15, an amendment is futile if it fails to satisfy the Fed.R.Civ.P. 12(b)(6) motion to dismiss standard – that is, the amendment "would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Production Co.*, LLC, 234 F.3d 863, 873 (5th Cir. 2000). In the present matter, this Court rejects using the 12(b)(6) heightened pleading standard in determining the merits of Petitioner's five additional grounds for *habeas* relief.

## Conclusion

For the foregoing reasons, Petitioner's motion for leave to amend his motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 [doc. # 46] is **GRANTED**.

Furthermore, due to the interrelatedness of Petitioner's two separate *habeas* petitioners before the Court, the Court will defer consideration of the substantive merits of the above-captioned matter until Petitioner's other *habeas* petition is ripe for review. *See US v. Reynoso*, No. #10-0085, Oct. 1, 2012 [doc. # 33] (Order granting Petitioner's motion to Stay until November 6, 2012).

IT IS SO ORDERED.

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 1st day of October 2012.

*[signature]*
KAREN L. HAYES
U. S. MAGISTRATE JUDGE