IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 10-0115 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| BEATO REYNOSO | * | MAG. JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 filed by *pro se* Petitioner Beato Reynoso. [doc. # 34]. For reasons stated below, it is recommended that the motion be **DENIED**.

BACKGROUND

On April 20, 2010, Petitioner pleaded guilty to one count of illegal reentry of an alien after prior deportation in violation of 8 U.S.C. § 1326(a). [doc. # 10]. He was sentenced to 70 months of imprisonment, and 3 years of supervised release for illegal reentry. [doc. # 15]. Because the illegal reentry offense violated the terms of Petitioner's supervised release imposed for a prior drug trafficking conviction in the District of New Jersey, this Court also conducted a revocation hearing, determined that Petitioner's supervised release should be revoked, and sentenced him to 27 months of imprisonment, to be served consecutively to the sentence imposed on the illegal reentry conviction. *See* 3:10-cr-00085, [doc. #16]

Petitioner appealed the sentence for his conviction of illegal reentry. [doc. # 16]. On appeal, Petitioner (1) sought review of the District Court's denial of a motion to continue sentencing to allow Petitioner additional time to cooperate and earn a departure pursuant to U.S.S.G. § 5K.1, and (2) argued that the District Court's within guidelines sentence was unreasonable in light of his cooperation with the government and the District Court gave

insufficient reasons for sentencing Petitioner within the guidelines range. *See* 3:10-cr-30968. On July 22, 2011, the Fifth Circuit affirmed Petitioner's sentence for illegal reentry in an unpublished decision. [doc. # 30]. The remaining facts underlying Petitioner's convictions are adopted from Respondent's brief:

> Defendant is a citizen of the Dominican Republic who, while in the United States, was convicted of conspiracy to distribute powder cocaine in New Jersey (R. 71). That conviction was entered on February 14, 2005, and defendant was deported to the Dominican Republic on October 4, 2006.
>
> On December 4, 2009, defendant was stopped in a routine traffic stop on Interstate 20 in Louisiana. He was found to be present in the United States illegally having never applied for reentry since deportation. Defendant pleaded guilty to a one-count bill of information charging him with violation of 8 U.S.C. § 1326(a) and the district court imposed a 70-month term. of imprisonment for the illegal reentry and a sentence of 27 months for the revocation of his supervised release on the New Jersey conviction.

[doc. # 26-1, P. 4-5].

On April 10, 2012, Petitioner filed the instant *habeas* petition pursuant to 28 U.S.C. § 2255 challenging the legality of this Court's sentence. [doc. # 34]. The petition was originally filed in the United States District Court for the Southern District of New York. [doc. # 35]. The court transferred the motion to this Court because Petitioner "was convicted and sentenced in the Western District of Louisiana." *Id.* at 1. Petitioner challenges this Court's imposition of a term of supervised release for violation of 8 U.S.C. § 1326(a) - Illegal Reentry. [doc. # 34, P. 2-3]. Thereafter, the undersigned granted Petitioner's Motion to Amend/Correct his *habeas* petition. [doc. # 50]. Petitioner asserts the additional grounds for relief in his reply brief: (1) ineffective assistance of counsel for "failure to research, throughly [*sic*] investigate and object to the 16 level enhancement;" (2) "claim that the attorney lie to the court;" (3) "plea agreement was done not intelligent and under stress and pressure of the attorney;" (4) "enhancement of supervised release;" and, (5) "violation of Rule 32." [doc. # 49]. Petitioner failed to raise these issues on direct appeal. The matter is now before the Court.

**LAW AND ANALYSIS**

**I.      Standard of Review – 28 U.S.C. § 2254**

To obtain collateral relief pursuant to 28 U.S.C. § 2255, a defendant "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). When a defendant has been convicted and his conviction has been upheld on direct appeal, there is a presumption that the defendant's conviction is fair and final. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). As a result, review under § 2255 is limited to four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255.

**II.     Petitioner's *habeas* petition is procedurally barred for failure to raise the issue on direct appeal.**

As stated *supra*, Petitioner did not raise these issues on direct appeal. Accordingly, Respondent asserts that Petitioner "has failed to establish both 'cause' and 'actual prejudice' for failing to raise this issue on direct appeal thus has not overcome the procedural bar to this motion." [doc. # 45-1, P. 2].

Collateral review is fundamentally different from and may not replace a direct appeal. *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584 (1982); *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*). Thus, even if the issues are constitutional or jurisdictional, the defendant may be procedurally barred from raising them collaterally. A defendant may not raise an "issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (citing *Shaid*, 937 F.2d at 232); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995). Of course, issues raised and disposed of on direct appeal are not subject to further review under section 2255. *See Segler*, 37 F.3d at 1134.

In *United States v. Vaughn*, the United States Court of Appeals for the Fifth Circuit stated:

> [r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that would not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *U.S. v. Capua*, 656 F.2d. 1033, 1037 (5th Cir. 1981). Non-constitutional claims that could have been raised on direct appeal but were not may not be asserted in a collateral proceeding.

955 F.2d 367 (5th Cir. 1992).

Even if a defendant cannot establish "cause" and "prejudice," he may still be entitled to relief under § 2255 if there is a constitutional error which would result in a complete miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495-6, 106 S.Ct. 2639, 2649 (1986); *Bousley v. United States*, 523 U.S. 614, 620-2, 118 S.Ct. 1604, 1610-1611 (1998); *United States v. Ward*, 55 F.3d 412, 414 (5th Cir. 1995); *Shaid*, 937 F.2d at 232; *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992); *United States v. Hicks*, 945 F.2d 107, 108 (5th Cir. 1991). Such a miscarriage of justice would result if the error caused the defendant to be convicted of a crime of which he is innocent. *Shaid*, 937 F.2d at 232.

Petitioner has failed to raise any of these issues on direct appeal, and furthermore, has failed to establish any "cause" for not raising them in his direct appeal. In fact, as argued by Respondent, Petitioner "does not even mention a reason for the failure to raise th[ese] issues on appeal." *See* [doc. # 45-1, P. 7]. Additionally, the miscarriage of justice exception is inapplicable to the present matter, as Petitioner pled guilty to the one count of illegal reentry in violation of 8 U.S.C. § 1326(a). Therefore, Petitioner's claims are procedurally barred from collateral review, and are not cognizable under § 2255 *habeas* review. However, to the extent that Petitioner argues ineffective assistance of counsel in claims 1, 2, and 3; the undersigned will briefly address the substantive merits of those claims.

### III. Petitioner's ineffective assistance of counsel claims lack merit.

Ineffective assistance of counsel claims may be considered under 28 U.S.C. § 2255.

*United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996); *United States v. Gipson*, 985 F.2d 212 (5th Cir. 1993); *United States v. Navejar*, 963 F. 2d 732, 735 (5th Cir. 1992). Substandard advice of counsel rises to a constitutional violation only if the substandard conduct deprives the defendant of his constitutional right to a fair trial or deprives the defendant of some other constitutional right. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). To prevail on a claim of ineffective assistance of counsel, a defendant must show both (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that the ineffectiveness of counsel prejudiced him. *Id.*

If the defendant does not make a sufficient showing as to one prong of the test, the other prong need not be considered. *Tucker v. Johnson*, 115 F.3d 276, 281 (5th Cir. 1997). The prongs of the test also need not be analyzed in any particular order. *Goodwin v. Johnson*, 132 F.3d 162, 172 n.6 (5th Cir. 1997). Furthermore, "mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green v. Johnson*, 160 F.3d 1029, 1042-43 (5th Cir. 1998).

In applying the first prong of *Strickland*, a court should presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. *See Strickland*, 466 U.S. at 689-90. The defendant must show that the performance of counsel fell "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690; *Ward v. Whitley*, 21 F.3d 1355 (5th Cir. 1994).

To establish prejudice, the second prong, the defendant must demonstrate that the attorney's actions "were so serious as to render the proceedings unreliable and fundamentally unfair." *United States v. Saenz-Forero*, 27 F.3d 1016, 1019 (5th Cir. 1994); *Murray v. Maggio*, 736 F. 2d 279 (5th Cir. 1984). Unreliability and unfairness do not result "if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitled him." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993); *see also, Mangum v. Hargett*, 67

F.3d 80, 84 (5th Cir. 1995). Accordingly, counsel cannot be ineffective for failing to raise a meritless claim, *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995), and prejudice generally exists only if the defendant demonstrates that he would have received less jail time. *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004).

      First, Petitioner argues that counsel "should have throughly [*sic*] researched . . . the 16 level enhancement added to the petitioner's base offense level of 8 for illegal reentry." [doc. # 49, P. 3]. However, Petitioner fails to put forth any evidence that counsel acted unreasonably or that counsel actually failed to research this particular issue. Instead, Petitioner attempts to argue that the District Court during sentencing erroneously determined conspiracy to be a drug trafficking offense. The undersigned finds that Petitioner is attempting to couch this claim as a constitutional ineffective assistance of counsel claim to avoid the procedural bar for his failure to raise the issue either at sentencing or on direct appeal. Again, Petitioner provides no evidence of any unreasonable behavior by his attorney, and furthermore, fails to perform the *Strickland* analysis other than merely citing the test. Accordingly, Petitioner's claim fails because he is unable to establish prong one under the *Strickland* test.

      Second, to the extent that Petitioner puts forth an ineffective assistance of counsel claim for counsel allegedly lying "to this court because the defense attorney told this court that he was in discussions about the plea since November, but petitioner was arrested in December 4" Petitioner fails to articulate how this alleged lie caused him any actual prejudice under prong two of *Strickland*. *Id.* at 15. Therefore, Petitioner's claim lacks merit.

      Third, and finally, Petitioner argues that counsel "put pressure on [him] to sign the plea agreement . . . hurr[ied] [him] to sign without explanation." *Id.* at 17. Furthermore Petitioner alleges that counsel stated "[j]ust signed, if you don't sign it, you going to make the Judge mad and he can give you a lot of time." *Id.* at 18. However, contrary to his claim, on April 20, 2010, both Petitioner and counsel signed an Understanding of Maximum Penalty and Constitutional

Rights, which states:

> I, BEATO REYNOSO, the above named defendant, having been furnished a copy of the charges and having discussed same with my attorney, state that, I understand the nature of the charges against me and the maximum possible penalty that may be imposed against me as set forth in the attached, signed Plea Agreement.
>
> *            *            *
>
> I further state that my plea in this matter is free and voluntary and that it has been made without any threats or inducement whatsoever (except the plea agreement) from anyone associated with the State or United States Government or my attorney and that the only reason I am pleading guilty is that I am in fact guilty as charged.

Additionally, Petitioner stated at the change of plea hearing that he had had adequate time to discuss his case with his attorney, that he was satisfied with his attorney's representation of him, and that his plea was not induced by any type of force or threat.  He utterly fails to submit contrary evidence to suggest that counsel "pressured" or "hurried" him to sign the plea agreement.  Even assuming *ar*guendo that counsel did pressure Petitioner into signing the plea agreement without his full understanding, Petitioner fails to contend that he would not have ultimately agreed to the plea agreement, or in the words of *Strickland*, that his counsel caused him any actual prejudice.  Therefore, this claims fails as Petitioner is unable to establish either prong of *Strickland*.

    It is therefore recommended that Petitioner's motion for *habeas* relief on the grounds of ineffective assistance of counsel be **DENIED**.

## CONCLUSION

    For the reasons stated above, it is recommended that Petitioner's motion [doc. # 34] under 28 U.S.C. § 2255 be **DENIED**.  Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be

furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Further, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 14th day of January, 2013.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE