# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL ACTION NO. 10-0115** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **BEATO REYNOSO** | * | **MAG. JUDGE KAREN L. HAYES** |

# RULING

Pending before the Court is a Motion to Vacate, Set Aside or Reduce Sentence [Doc. No. 34]. On January 14, 2013, Magistrate Judge Hayes issued a Report and Recommendation [Doc. No. 53], recommending that Petitioner Beato Reynoso's ("Reynoso") claims be dismissed with prejudice. On March 8, 2013, the Court issued a Judgment [Doc. No. 57] denying the Motion to Vacate, Reduce, or Set Aside Sentence.  On the same day, the Court denied a certificate of appealability [Doc. No. 58], finding that Petitioner has failed to make a substantial showing of the denial of a constitutional right.

However, on March 14, 2013, the Clerk of Court received for filing Reynoso's objections in this case. [Doc. No. 59].  Since Petitioner timely filed those objections, the Court vacated its Judgment and COA.

Having now reviewed the Report and Recommendation, Reynoso's objections, and the entire record in this matter, the Court ADOPTS the Report and Recommendation of the Magistrate Judge. The Court issues this Ruling to address one claim raised in Reynoso's objections.

In addition to the other claims addressed in the Report and Recommendation, Reynoso

appears to raise a new claim in his objections that he was denied effective assistance of counsel on appeal because his appellate counsel "failed to argue . . . that a term of Supervised release is to be included as part of the term of imprisonment. Thus, the Court's imposition of a 70 months imprisonment and a term of Supervised release of a double Jeopardy." [Doc. No. 59].

Even assuming that Reynoso could raise this claim for the first time in objections to the Report and Recommendation, the claim lacks merit. A sentence of imprisonment followed by a term of supervised release does not constitute multiple punishments for the same offense in violation of the Double Jeopardy Clause. *See United States v. Thomas*, 101 F.3d 698, 1996 WL 661165, at *1 (5th 1996). Thus, counsel could not have been ineffective for failing to raise this frivolous claim on appeal. *See United States v. Williamson*, 183 F.3d 458, 463 (5th Cir. 1999) (appellate counsel must discover and bring to the court's attention "[s]olid, meritorious arguments based on directly controlling precedent.").

Thus, for the reasons set forth above and in the Report and Recommendation of the Magistrate Judge, Reynoso's motion is DENIED.

MONROE, LOUISIANA, this 14th day of March, 2013.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE